1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com

9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com

13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-03320-CRB
                                       )
21  This document relates to           )
                                       )   **PFIZER INC., PHARMACIA**
22  ERICK ARONSON, et al.,             )   **CORPORATION, AND G.D.**
                                       )   **SEARLE LLC'S ANSWER TO**
                                       )   **COMPLAINT**
23              Plaintiffs,            )
                                       )
24          vs.                        )   **JURY DEMAND ENDORSED**
                                       )   **HEREIN**
25  PFIZER, INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26  CO.),                              )
                                       )
27              Defendants.           )
                                       )
28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                          I.

6                          **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

8  Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

9  generally.   Defendants may seek leave to amend this Answer when discovery reveals the

10  specific time periods in which Plaintiffs were prescribed and used Celebrex®.

11                                         II.

12                                     **ANSWER**

13    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

15  that Plaintiffs are entitled to any relief or damages.   Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18  accordance with their approval by the FDA.   Defendants admit that, during certain periods of

19  time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

20  marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

21  healthcare providers who are by law authorized to prescribe drugs in accordance with their

22  approval by the FDA.   Defendants state that Celebrex® was and is safe and effective when used

23  in accordance with its FDA-approved prescribing information.   Defendants state that the

24  potential effects of Celebrex® were and are adequately described in its FDA-approved

25  prescribing information, which was at all times adequate and comported with applicable

26  standards of care and law.   Defendants deny any wrongful conduct, deny that Celebrex® caused

27  Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

28  the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and whether Plaintiff is the Representative of Decedent's Estate, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.

2  8.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

4  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5  paragraph of the Complaint.

6  9.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

8  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

9  paragraph of the Complaint.

10  10.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  11.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

16  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  12.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

20  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  13.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

24  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  14.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

28  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraph of the Complaint.

2  15.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

3  business in New York.  Defendants admit that, as the result of a merger in April 2003,

4  Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

5  of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

6  are without knowledge or information sufficient to form a belief as to the truth of such

7  allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

8  time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be

9  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

10 with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of

11 the Complaint.

12 16.    Defendants admit that Searle is a Delaware limited liability company with its principal

13 place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

14 as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

15 Defendants admit that, during certain periods of time, Celebrex® was manufactured and

16 packaged for Searle, which developed, tested, marketed, co-promoted and distributed

17 Celebrex® in the United States to be prescribed by healthcare providers who are by law

18 authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

19 the remaining allegations in this paragraph of the Complaint.

20 17.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

21 business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

22 the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

23 Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

24 Celebrex® in the United States, including Texas and California, to be prescribed by healthcare

25 providers who are by law authorized to prescribe drugs in accordance with their approval by the

26 FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27 18.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28 and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

2  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

3  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

4  Celebrex® in the United States to be prescribed by healthcare providers who are by law

5  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

6  that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

7  and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

8  paragraph of the Complaint.

9  19.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14  Celebrex® in the United States to be prescribed by healthcare providers who are by law

15  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

16  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

17  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

18  adequately described in its FDA-approved prescribing information, which was at all times

19  adequate and comported with applicable standards of care and law.  Defendants deny any

20  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21  20.    Defendants state that the allegations in this paragraph of the Complaint regarding

22  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

23  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

24  the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  **Response to Allegations Regarding Jurisdiction and Venue**

26  21.    Defendants are without knowledge or information to form a belief as to the truth of the

27  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

28  in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

1   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

2   interests and costs.

3   22.    Defendants are without knowledge or information to form a belief as to the truth of the

4   allegations in this paragraph of the Complaint regarding the judicial district in which the

5   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

6   was and is safe and effective when used in accordance with its FDA-approved prescribing

7   information.  Defendants deny committing a tort in the States of California, Washington,

8   Delaware, Louisiana, Maryland, Texas, Ohio, Illinois, Pennsylvania, Georgia, and Oregon, and

9   deny the remaining allegations in this paragraph of the Complaint.

10  23.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Celebrex® in the United States, including Hawaii and California, to be

12  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

13  with their approval by the FDA.  Defendants admit that, during certain periods of time,

14  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

15  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

16  providers who are by law authorized to prescribe drugs in accordance with their approval by the

17  FDA.  Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

18  the States of Hawaii and California.  Defendants state that the allegations in this paragraph of

19  the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are

20  without knowledge or information sufficient to form a belief as to the truth of such allegations,

21  and, therefore, deny the same.  Defendants deny committing a tort in the States of California,

22  Washington, Delaware, Louisiana, Maryland, Texas, Ohio, Illinois, Pennsylvania, Georgia, and

23  Oregon, and deny the remaining allegations in this paragraph of the Complaint.

24  **Response to Allegations Regarding Interdistrict Assignment**

25  24.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

28  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Panel on Multidistrict Litigation on September 6, 2005.

2                    **Response to Factual Allegations**

3   25.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   26.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

9   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

10  that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

11  prescribing information.  Defendants state that the potential effects of Celebrex® were and are

12  adequately described in its FDA-approved prescribing information, which was at all times

13  adequate and comported with applicable standards of care and law.  Defendants deny that

14  Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

15  paragraph of the Complaint.

16  27.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

18  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

19  and is safe and effective when used in accordance with its FDA-approved prescribing

20  information.  Defendants state that the potential effects of Celebrex® were and are adequately

21  described in its FDA-approved prescribing information, which was at all times adequate and

22  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

23  deny that Celebrex® caused Plaintiffs or Decedent injury or damage and deny the remaining

24  allegations in this paragraph of the Complaint.

25  28.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

27  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

28  case, Celebrex® was expected to reach users and consumers without substantial change from

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being  non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

32.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

33.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    34.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

3    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

4    required.  To the extent a response is deemed required, Defendants state that, as stated in the

5    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

6    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

7    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

8    cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

9    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

10   knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

11   allegations in this paragraph of the Complaint.

12   35.    Defendants state that the allegations in this paragraph of the Complaint regarding

13   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

14   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

15   the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

16   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

17   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

18   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

19   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

20   approved prescribing information.  Defendants state that the potential effects of Celebrex®

21   were and are adequately described in its FDA-approved prescribing information, which was at

22   all times adequate and comported with applicable standards of care and law.  Defendants deny

23   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24   36.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

25   Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

26   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

27   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

28   Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer the Court to the FDA Update for its actual language and text. Any attempt to characterize the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

2    used in accordance with its FDA-approved prescribing information.  Defendants state that the

3    potential effects of Celebrex® were and are adequately described in its FDA-approved

4    prescribing information, which was at all times adequate and comported with applicable

5    standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

6    Complaint.

7    41.     Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny the allegations in this paragraph of the Complaint.

12   42.     Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   43.     Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

19   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

20   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

21   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

22   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

23   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

24   the Complaint.

25   44.     Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28   45.     Defendants state that the referenced study speaks for itself and respectfully refer the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Court to the study for its actual language and text.  Any attempt to characterize the study is

2    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    46.    Defendants state that the referenced Medical Officer Review speaks for itself and

5    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

6    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

7    allegations in this paragraph of the Complaint.

8    47.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

9    hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

10   language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

11   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

12   48.    Defendants state that the referenced articles speak for themselves and respectfully refer

13   the Court to the articles for their actual language and text.  Any attempt to characterize the

14   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

15   refer the Court to the study for its actual language and text.  Any attempt to characterize the

16   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17   49.    Defendants state that the referenced article speaks for itself and respectfully refer the

18   Court to the article for its actual language and text.  Any attempt to characterize the article is

19   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

20   paragraph of the Complaint.

21   50.    Defendants state that the referenced articles speak for themselves and respectfully refer

22   the Court to the articles for their actual language and text.  Any attempt to characterize the

23   articles is denied.  Defendants deny the remaining allegations in this paragraph of the

24   Complaint.

25   51.    Defendants state that the referenced article speaks for itself and respectfully refer the

26   Court to the article for its actual language and text.  Any attempt to characterize the article is

27   denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

28   Court to the study for its actual language and text.  Any attempt to characterize the study is

ANSWER TO COMPLAINT – 3:07-cv-03320-CRB

denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.    Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

64. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

65. Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66. Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

67. Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

69.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants deny the allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

73.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

74.     Defendants deny any wrongful conduct and deny the allegations contained in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

75.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

77.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

78.     Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2   80.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

3   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

4   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

5   Defendants deny the remaining allegations in this paragraph of the Complaint.

6   81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

12  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

14  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

15  United States to be prescribed by healthcare providers who are by law authorized to prescribe

16  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

17  allegations in this paragraph of the Complaint.

18  82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

24  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

26  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

27  United States to be prescribed by healthcare providers who are by law authorized to prescribe

28  drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   prescription medication which is approved by the FDA for the following indications: (1) for

2   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

3   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

4   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

5   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

6   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

7   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

8   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

9   paragraph of the Complaint.

10  83.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which at all times was adequate and comported with applicable standards of care and law.

14  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

15  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

16  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

17  that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

18  84.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

23  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

24  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

25  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

26  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

27  United States to be prescribed by healthcare providers who are by law authorized to prescribe

28  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    allegations in this paragraph of the Complaint.

2    85.     Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which at all times was adequate and comported with applicable standards of care and law.

6    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

7    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

8    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

10   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

11   United States to be prescribed by healthcare providers who are by law authorized to prescribe

12   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

13   allegations in this paragraph of the Complaint.

14   86.     Defendants state that Celebrex® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Celebrex® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19   the Complaint.

20   87.     Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   88.     Defendants deny the allegations in this paragraph of the Complaint.

27   89.     Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Celebrex® are and were adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

5  the study for its actual language and text.  Any attempt to characterize the study is denied.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  95.    Defendants deny any wrongful conduct and deny the remaining allegations in this

9  paragraph of the Complaint.

10  96.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

12  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

13  and is safe and effective when used in accordance with its FDA-approved prescribing

14  information.  Defendants state that the potential effects of Celebrex® are and were adequately

15  described in its FDA-approved prescribing information, which was at all times adequate and

16  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

17  and deny the remaining allegations in this paragraph of the Complaint.

18  **Response to First Cause of Action: Negligence**

19  97.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  98.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is required.  To the extent that a response is deemed required, Defendants

23  admit that they had duties as are imposed by law but deny having breached such duties.

24  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

25  FDA-approved prescribing information.    Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

1  the Complaint.

2  99.    Defendants state that this paragraph of the Complaint contains legal contentions to

3  which no response is required.  To the extent that a response is deemed required, Defendants

4  admit that they had duties as are imposed by law but deny having breached such duties.

5  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

6  FDA-approved prescribing information.    Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10 the Complaint.

11 100.    Defendants are without knowledge or information sufficient to form a belief as to the

12 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13 Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

14 and is safe and effective when used in accordance with its FDA-approved prescribing

15 information.  Defendants state that the potential effects of Celebrex® were and are adequately

16 described in its FDA-approved prescribing information, which was at all times adequate and

17 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

18 and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

19 101.    Defendants are without knowledge or information sufficient to form a belief as to the

20 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

21 Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

22 and is safe and effective when used in accordance with its FDA-approved prescribing

23 information.  Defendants state that the potential effects of Celebrex® were and are adequately

24 described in its FDA-approved prescribing information, which was at all times adequate and

25 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

26 and deny the remaining allegations in this paragraph of the Complaint.

27 102.    Defendants are without knowledge or information sufficient to form a belief as to the

28 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Second Cause of Action: Strict Liability**

2    107.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    108.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

6    Decedent used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain

7    periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

8    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9    accordance with their approval by the FDA. Defendants admit that, during certain periods of

10   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

11   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

12   healthcare providers who are by law authorized to prescribe drugs in accordance with their

13   approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to

14   reach users and consumers without substantial change from the time of sale. Defendants deny

15   the remaining allegations in this paragraph of the Complaint.

16   109.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information. Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   110.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information. Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26   remaining allegations in this paragraph of the Complaint.

27   111.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4   remaining allegations in this paragraph of the Complaint, including all subparts.

5   112.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

7   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

8   and is safe and effective when used in accordance with its FDA-approved prescribing

9   information.  Defendants state that the potential effects of Celebrex® were and are adequately

10  described in its FDA-approved prescribing information, which was at all times adequate and

11  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

12  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  114.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

22  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

23  and is safe and effective when used in accordance with its FDA-approved prescribing

24  information.  Defendants state that the potential effects of Celebrex® were and are adequately

25  described in its FDA-approved prescribing information, which was at all times adequate and

26  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

27  deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and deny the remaining allegations in this paragraph of the Complaint.

2    119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

3    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

4    Complaint.

5    120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

6    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

7    Complaint.

8    121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

9    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

10    Complaint.

11    **Response to Third Cause of Action: Breach of Express Warranty**

12    122.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

13    Complaint as if fully set forth herein.

14    123.    Defendants are without knowledge or information sufficient to form a belief as to the

15    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

16    Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was

17    and is safe and effective when used in accordance with its FDA-approved prescribing

18    information. Defendants state that the potential effects of Celebrex® were and are adequately

19    described in its FDA-approved prescribing information, which was at all times adequate and

20    comported with applicable standards of care and law. Defendants admit that they provided

21    FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining

22    allegations in this paragraph of the Complaint.

23    124.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

25    Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was

26    and is safe and effective when used in accordance with its FDA-approved prescribing

27    information. Defendants state that the potential effects of Celebrex® were and are adequately

28    described in its FDA-approved prescribing information, which was at all times adequate and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    comported with applicable standards of care and law.  Defendants admit that they provided

2    FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful

3    conduct and deny the remaining allegations in this paragraph of the Complaint, including all

4    subparts.

5    125.    Defendants admit that they provided FDA-approved prescribing information regarding

6    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7    paragraph of the Complaint.

8    126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10    Celebrex® were and are adequately described in its FDA-approved prescribing information,

11    which was at all times adequate and comported with applicable standards of care and law.

12    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13    the Complaint.

14    127.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19    the Complaint.

20    128.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

22    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential

23    effects of Celebrex® were and are adequately described in its FDA-approved prescribing

24    information, which was at all times adequate and comported with applicable standards of care

25    and law.    Defendants admit that they provided FDA-approved prescribing information

26    regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

27    Complaint.

28    129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3   130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

4   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

5   Complaint.

6   131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

7   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

8   Complaint.

9   **Response to Fourth Cause of Action: Breach of Implied Warranty**

10   132.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11   Complaint as if fully set forth herein.

12   133.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

13   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

14   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

15   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

16   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

17   Celebrex® in the United States to be prescribed by healthcare providers who are by law

18   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

19   the remaining allegations in this paragraph of the Complaint.

20   134.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Celebrex® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants admit that they provided FDA-approved prescribing information regarding

25   Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26   135.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  136.    Defendants state that this paragraph of the Complaint contains legal contentions to

4  which no response is required.  To the extent that a response is deemed required, Defendants

5  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

6  approved prescribing information.  Defendants state that the potential effects of Celebrex®

7  were and are adequately described in its FDA-approved prescribing information, which was at

8  all times adequate and comported with applicable standards of care and law.  Defendants deny

9  any wrongful conduct, deny that they breached any warranty, and deny the remaining

10  allegations in this paragraph of the Complaint.

11  137.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

13  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a

14  prescription medication which is approved by the FDA for the following indications: (1) for

15  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

16  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

17  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

18  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

19  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

20  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

21  and older.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22  138.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

24  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

25  and is safe and effective when used in accordance with its FDA-approved prescribing

26  information.  Defendants state that the potential effects of Celebrex® were and are adequately

27  described in its FDA-approved prescribing information, which was at all times adequate and

28  comported with applicable standards of care and law.  Defendants admit that they provided

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

2   allegations in this paragraph of the Complaint.

3   139.     Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

5   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

6   case, Celebrex® was expected to reach users and consumers without substantial change from

7   the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8   140.     Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

10  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

11  and is safe and effective when used in accordance with its FDA-approved prescribing

12  information.  Defendants state that the potential effects of Celebrex® were and are adequately

13  described in its FDA-approved prescribing information, which was at all times adequate and

14  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

15  deny that they breached any warranty, and deny the remaining allegations in this paragraph of

16  the Complaint.

17  141.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

18  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19  Complaint.

20  142.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

21  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

22  Complaint.

23  143.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

24  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

25  Complaint.

26  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

27  144.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28  Complaint as if fully set forth herein.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   145.    Defendants state that this paragraph of the Complaint contains legal contentions to

2   which no response is required.  To the extent that a response is deemed required, Defendants

3   admit that they had duties as are imposed by law but deny having breached such duties.

4   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

5   FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10   146.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint, including all subparts.

16   147.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   148.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

24   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

25   and is safe and effective when used in accordance with its FDA-approved prescribing

26   information.  Defendants state that the potential effects of Celebrex® were and are adequately

27   described in its FDA-approved prescribing information, which was at all times adequate and

28   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

1    deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining

2    allegations in this paragraph of the Complaint, including all subparts.

3    149.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    150.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

11   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

12   and is safe and effective when used in accordance with its FDA-approved prescribing

13   information.  Defendants state that the potential effects of Celebrex® were and are adequately

14   described in its FDA-approved prescribing information, which was at all times adequate and

15   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

16   and deny the remaining allegations in this paragraph of the Complaint.

17   151.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

19   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

20   and is safe and effective when used in accordance with its FDA-approved prescribing

21   information.  Defendants state that the potential effects of Celebrex® were and are adequately

22   described in its FDA-approved prescribing information, which was at all times adequate and

23   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

24   and deny the remaining allegations in this paragraph of the Complaint.

25   152.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

27   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

28   and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 information.  Defendants state that the potential effects of Celebrex® were and are adequately

2 described in its FDA-approved prescribing information, which was at all times adequate and

3 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

4 and deny the remaining allegations in this paragraph of the Complaint.

5 153.    Defendants are without knowledge or information sufficient to form a belief as to the

6 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

7 Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

8 and is safe and effective when used in accordance with its FDA-approved prescribing

9 information.  Defendants state that the potential effects of Celebrex® were and are adequately

10 described in its FDA-approved prescribing information, which was at all times adequate and

11 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

12 and deny the remaining allegations in this paragraph of the Complaint.

13 154.    Defendants are without knowledge or information sufficient to form a belief as to the

14 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

15 Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

16 and is safe and effective when used in accordance with its FDA-approved prescribing

17 information.  Defendants state that the potential effects of Celebrex® were and are adequately

18 described in its FDA-approved prescribing information, which was at all times adequate and

19 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

20 and deny the remaining allegations in this paragraph of the Complaint.

21 155.    Defendants are without knowledge or information sufficient to form a belief as to the

22 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

23 Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

24 and is safe and effective when used in accordance with its FDA-approved prescribing

25 information.  Defendants state that the potential effects of Celebrex® were and are adequately

26 described in its FDA-approved prescribing information, which was at all times adequate and

27 comported with applicable standards of care and law.  Defendants deny any wrongful conduct

28 and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## **Response to Sixth Cause of Action: Unjust Enrichment**

159.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

160.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action:

### State Consumer Fraud and Deceptive Trade Practices Act

166.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

167.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

170.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

171.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs or Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

172.    Defendants state that this paragraph of the Complaint contains legal contentions to

1   which no response is required.  To the extent that a response is deemed required, Defendants

2   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

3   Complaint.

4   173.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6   Complaint.

7   174.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9   Complaint.

10  175.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

11  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

12  Complaint.

13  176.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

14  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

15  Complaint.

16  177.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

17  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

18  Complaint.

19  **Response to Eighth Cause of Action:  State Suppliers Liability Statute**

20  178.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

21  Complaint as if fully set forth herein.

22  179.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs or

24  Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful

25  conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  180.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

28  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint.

2    ## Response to Prayer For Relief

3    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

4    Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint

5    headed "Prayer for Relief," including all subparts.

6    ## III.

7    ## GENERAL DENIAL

8    Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

9    Complaint that have not been previously admitted, denied, or explained.

10   ## IV.

11   ## AFFIRMATIVE DEFENSES

12   Defendants reserve the right to rely upon any of the following or additional defenses to

13   claims asserted by Plaintiffs to the extent that such defenses are supported by information

14   developed through discovery or evidence at trial.  Defendants affirmatively show that:

15   ## First Defense

16   1.    The Complaint fails to state a claim upon which relief can be granted.

17   ## Second Defense

18   2.    Celebrex® is a prescription medical product.  The federal government has preempted

19   the field of law applicable to the labeling and warning of prescription medical products.

20   Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

21   federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

22   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

23   and violate the Supremacy Clause of the United States Constitution.

24   ## Third Defense

25   3.    At all relevant times, Defendants provided proper warnings, information and

26   instructions for the drug in accordance with generally recognized and prevailing standards in

27   existence at the time.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Fourth Defense**

2    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

3    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

4    knowledge at the time the drug was manufactured, marketed and distributed.

5

**Fifth Defense**

6    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

7    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

8

**Sixth Defense**

9    6.    Plaintiffs' action is barred by the statute of repose.

10

**Seventh Defense**

11    7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent

12    were contributorily negligent, actively negligent or otherwise failed to mitigate their damages,

13    and any recovery by Plaintiffs should be diminished accordingly.

14

**Eighth Defense**

15    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

16    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

17    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

18    liable in any way.

19

**Ninth Defense**

20    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

21    intervening causes for which Defendants cannot be liable.

22

**Tenth Defense**

23    10.    Any injuries or expenses incurred by Plaintiffs or Decedent were not caused by

24    Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

25    operation of nature, or act of God.

26

**Eleventh Defense**

27    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or

28    Decedent.

1

**Twelfth Defense**

2      12.    A manufacturer has no duty to warn patients or the general public of any risk,

3  contraindication, or adverse effect associated with the use of a prescription medical product.

4  Rather, the law requires that all such warnings and appropriate information be given to the

5  prescribing physician and the medical profession, which act as a "learned intermediary" in

6  determining the use of the product.  Celebrex® is a prescription medical product, available only

7  on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

8  and Decedent's treating and prescribing physicians.

9

**Thirteenth Defense**

10      13.    The product at issue was not in a defective condition or unreasonably dangerous at the

11  time it left the control of the manufacturer or seller.

12

**Fourteenth Defense**

13      14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

14  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

15  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

16  usages.

17

**Fifteenth Defense**

18      15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

19  Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the

20  applicable standard of care.

21

**Sixteenth Defense**

22      16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or

23  abnormal use of the product Celebrex® after the product left the control of Defendants and any

24  liability of Defendants is therefore barred.

25

**Seventeenth Defense**

26      17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

27  Defendants.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eighteenth Defense**

18.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

2    of Comment j to Section 402A of the Restatement (Second) of Torts.

3    **Twenty-sixth Defense**

4    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

5    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

6    Restatement (Second) of Torts § 402A, Comment k.

7    **Twenty-seventh Defense**

8    27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

9    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

10   to § 6 of the Restatement (Third) of Torts: Products Liability.

11   **Twenty-eighth Defense**

12   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

13   Products Liability.

14   **Twenty-ninth Defense**

15   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

16   facts sufficient under the law to justify an award of punitive damages.

17   **Thirtieth Defense**

18   30.    Defendants affirmatively aver that the  imposition of punitive damages in this case

19   would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

20   the United States Constitution and the Constitutions of the States of California, Washington,

21   Delaware, Louisiana, Maryland, Texas, Ohio, Illinois, Pennsylvania, Georgia, and Oregon, and

22   would additionally violate Defendants' rights to substantive due process under the Fourteenth

23   Amendment of the United States Constitution.

24   **Thirty-first Defense**

25   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

26   Fourteenth Amendments to the United States Constitution.

27   **Thirty-second Defense**

28   32.    The imposition of punitive damages in this case would violate the First Amendment to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of California, Washington, Delaware, Louisiana, Maryland, Texas, Ohio, Illinois, Pennsylvania, Georgia, and Oregon.    Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is

unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs and Decedent have sustained injuries or losses as alleged in the Complaint,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  upon information and belief, such injuries and losses were caused by the actions of persons not

2  having real or apparent authority to take said actions on behalf of Defendants and over whom

3  Defendants had no control and for whom Defendants may not be held accountable.

4  **Forty-second Defense**

5  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

6  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

7  intended, and was distributed with adequate and sufficient warnings.

8  **Forty-third Defense**

9  43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

10  waiver, and/or estoppel.

11  **Forty-fourth Defense**

12  44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

13  result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

14  diseases or illnesses, subsequent medical conditions or natural courses of conditions of

15  Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

16  **Forty-fifth Defense**

17  45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

18  did not proximately cause injuries or damages to Plaintiffs or Decedent.

19  **Forty-sixth Defense**

20  46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

21  did not incur any ascertainable loss as a result of Defendants' conduct.

22  **Forty-seventh Defense**

23  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

24  manufacturing, labeling, packaging, and any advertising of the product complied with the

25  applicable codes, standards and regulations established, adopted, promulgated or approved by

26  any applicable regulatory body, including but not limited to the United States, any state, and

27  any agency thereof.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-eighth Defense**

2   48.    The claims must be dismissed because Plaintiffs and Decedent would have taken

3   Celebrex® even if the product labeling contained the information that Plaintiffs contend should

4   have been provided.

5   **Forty-ninth Defense**

6   49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

7   outweighed its risks.

8   **Fiftieth Defense**

9   50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

10  collateral sources.

11  **Fifty-first Defense**

12  51.    Defendants' liability, if any, can only be determined after the percentages of

13  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

14  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

15  claimants and each and every other person whose fault could have contributed to the alleged

16  injuries and damages, if any, of Plaintiffs and Decedent.

17  **Fifty-second Defense**

18  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

19  common law gives deference to discretionary actions by the United States Food and Drug

20  Administration under the Federal Food, Drug, and Cosmetic Act.

21  **Fifty-third Defense**

22  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

23  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

24  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

25  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

26  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

27  and with the specific determinations by FDA specifying the language that should be used in the

28  labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the

1  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

2  United States.

3  **Fifty-fourth Defense**

4  54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

5  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6  **Fifty-fifth Defense**

7  55.    Defendants state on information and belief that the Complaint and each purported cause

8  of action contained therein is barred by the statutes of limitations contained in California Code

9  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

10  as may apply.

11  **Fifty-sixth Defense**

12  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

13  by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or

14  other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs'

15  recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

16  1431.2.

17  **Fifty-seventh Defense**

18  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

19  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

20  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

21  damages is also barred under California Civil Code § 3294(b).

22  **Fifty-eighth Defense**

23  58.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code

24  § 82.007.

25  **Fifty-ninth Defense**

26  59.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code

27  § 82.003.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Sixtieth Defense**

2    60.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code

3    § 16.012.

4

**Sixty-first Defense**

5    61.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the

6    Texas Civil Practice and Remedies Code, including (without limitation) the requirement of

7    § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant,

8    Defendants, and responsible third-party that may be joined in the suit.

9

**Sixty-second Defense**

10    62.    If Plaintiffs settle with any other person or entity, then Defendants reserve the right to

11    make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and

12    Remedies Code.

13

**Sixty-third Defense**

14    63.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and

15    satisfaction.

16

**Sixty-fourth Defense**

17    64.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not

18    known or not reasonably scientifically knowable at the time the product was distributed.

19

**Sixty-fifth Defense**

20    65.    Plaintiffs' claims are barred by their failure to comply with conditions precedent to the

21    right to recover.

22

**Sixty-sixth Defense**

23    66.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent.

24    Plaintiffs and Decedent were informed of the risks associated with treatment and willingly

25    consented to treatment despite those risks.  Specifically, Plaintiffs and Decedent gave informed

26    consent to the prescribing physicians before taking Celebrex®, alone or in combination with

27    any other drug(s).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-seventh Defense**

67.     The duty to obtain Plaintiffs' and Decedent's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

**Sixty-eighth Defense**

68.     Plaintiffs may not assert a claim against Defendants for negligent misrepresentation as Plaintiffs and Decedent did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

**Sixty-ninth Defense**

69.     Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendants.

**Seventieth Defense**

70.     Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs or Decedent relied did not constitute a misrepresentation of material facts.

**Seventy-first Defense**

71.     Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

**Seventy-second Defense**

72.     Plaintiffs' claims for breach of warranty are barred in whole or in part because they are not in privity with Defendants.

**Seventy-third Defense**

73.     Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Seventy-fourth Defense**

74.     Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Seventy-fifth Defense**

75.     Plaintiffs have failed to allege conduct warranting imposition of punitive damages under

1    Texas law.

2    **Seventy-sixth Defense**

3    76.    The standards in Texas governing the award and review of damages for non-pecuniary

4    damages, including damages for mental anguish and pain and suffering, are impermissibly

5    vague or simply non-existent, and are inadequate to ensure that such awards do not include

6    amounts intended as exemplary damages, which are impermissible in a compensatory damages

7    award.

8    **Seventy-seventh Defense**

9    77.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and

10   requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap

11   on exemplary damages set out in § 41.008(b).

12   **Seventy-eighth Defense**

13   78.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72

14   et seq., and specially aver that Plaintiffs' common law claims are preempted by the statute and

15   must be dismissed.

16   **Seventy-ninth Defense**

17   79.    Plaintiffs' claim for non-economic damages is subject to the statutory limitations set

18   forth in ORS 31.710.

19   **Eightieth Defense**

20   80.    Plaintiffs are not entitled to a private right of action under ORS 646.638.

21   **Eighty-first Defense**

22   81.    Defendants' conduct complied with the orders or rules of, or a statute administered by a

23   federal, state or local government agency, and, accordingly, Defendants are not liable under

24   ORS 646.608.

25   **Eighty-second Defense**

26   82.    Defendants are entitled to an award of attorney fees pursuant to ORS 646.638(3).

27   **Eighty-third Defense**

28   83.    Defendants avail themselves of all of the provisions, defenses, and standards of proof in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   O.C.G.A. § 51-12-5.1 concerning punitive damages.

2   **Eighty-fourth Defense**

3   84.    Plaintiffs' claims for strict liability are barred as to Defendants inasmuch as they are not

4   a manufacturer of the drug Celebrex® within the meaning of O.C.G.A. § 51-1-11(b)(1) and

5   applicable Georgia law.

6   **Eighty-fifth Defense**

7   85.    Plaintiffs' claims for fraud and misrepresentation(s) are barred and should be dismissed

8   because they have not been pled with sufficient particularity to meet the requirements of

9   O.C.G.A. § 9-11-9(b).

10   **Eighty-sixth Defense**

11   86.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and

12   satisfaction.

13   **Eighty-seventh Defense**

14   87.    The claims asserted in the Complaint are barred, in whole or in part, because Defendants

15   did not violate the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS

16   505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to Plaintiffs and Decedent.

17   **Eighty-eighth Defense**

18   88.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by § 2315.21 of

19   the Ohio Revised Code and are subject to all provisions of the Ohio Revised Code.

20   **Eighty-ninth Defense**

21   89.    Plaintiffs' damages, if any, are barred or limited by the payments received from

22   collateral sources and the provisions of the Ohio Revised Code.

23   **Ninetieth Defense**

24   90.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

25   Ohio law.

26   **Ninety-first Defense**

27   91.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to

28   Plaintiffs and to nonparties as provided by the Ohio Revised Code.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Ninety-second Defense**

92.    One or more of Plaintiffs' claims for damages are subject to statutory limits on certain types of damages, and the Court is without jurisdiction to enter judgment for Plaintiffs beyond the limits set forth in the Ohio Revised Code.

**Ninety-third Defense**

93.    Ohio Senate Bill 120 and Senate Bill 80, now codified in various sections throughout the Ohio Revised Code, bar or limit one or more of Plaintiffs' claims, including the limits and restrictions on damages set forth herein.

**Ninety-fourth Defense**

94.    Any injuries and damages suffered by Plaintiffs and Decedent, which injuries and damages are expressly denied, are the direct and proximate result of Plaintiffs' and Decedent's own comparative and contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced proportionately to Plaintiffs' and Decedent's own comparative negligence.

**Ninety-fifth Defense**

95.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Pa. R. Civ. P. 1019(b).

**Ninety-sixth Defense**

96.    Defendants assert all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

**Ninety-seventh Defense**

97.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

October 8, 2007                                 GORDON & REES LLP


                                                By: :_____/s/_____

                                                    Stuart M. Gordon
                                                    sgordon@gordonrees.com
                                                    Embarcadero Center West
                                                    275 Battery Street, 20th Floor
                                                    San Francisco, CA 94111
                                                    Telephone:  (415) 986-5900
                                                    Fax:  (415) 986-8054


October 8, 2007                                 TUCKER ELLIS & WEST LLP


                                                By: :_____/s/_____

                                                    Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071
                                                    Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

                                                    Attorneys for Defendants
                                                    PFIZER INC, PHARMACIA
                                                    CORPORATION, and G.D. SEARLE
                                                    LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  October 8, 2007                                   GORDON & REES LLP

6

7                                                    By: :_____/s/_____

8                                                        Stuart M. Gordon
9                                                        sgordon@gordonrees.com
                                                         Embarcadero Center West
10                                                       275 Battery Street, 20th Floor
                                                         San Francisco, CA  94111
11                                                       Telephone:  (415) 986-5900
                                                         Fax:  (415) 986-8054

12

13 October 8, 2007                                   TUCKER ELLIS & WEST LLP

14

15                                                   By: :_____/s/_____

16                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
17                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA 90071
18                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409

19
                                                         Attorneys for Defendants
20                                                       PFIZER INC, PHARMACIA
                                                         CORPORATION, and G.D. SEARLE
21                                                       LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111